[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16262
Non-Argument Calendar

_____

D. C. Docket No. 08-00049-CR-J-32-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC JONELLE COCHRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2009)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Eric Jonelle Cochran appeals his conviction for possession of a firearm by a

felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  Cochran contends that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his conviction.  He argues that the jury was "confronted with equally persuasive theories of guilt and innocence" and that a rational trier of fact could not have found guilt beyond a reasonable doubt because "the government's case rested on the testimony of a singular officer," "another person was present at the scene where the gun was recovered," and Cochran's fingerprints were not on the gun or the bullets found by the arresting officer.

Section § 922(g)(1) makes it unlawful for a felon knowingly to possess a firearm that affected or was in interstate commerce.  See 18 U.S.C. § 922(g)(1); United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004).  "Possession can be shown by circumstantial as well as direct evidence" and "can be either actual or constructive."  Wright, 392 F.3d at 1273.  We review de novo the sufficiency of the evidence to support a conviction, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor."  Id.  We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could find that the evidence establishes the defendant's guilt beyond a reasonable doubt.  Id.  The jury is free to choose among reasonable constructions of the evidence, and we must

accept a jury's inferences and determinations of witness credibility. United States v. Williams, 390 F.3d 1319, 1323 (11th Cir. 2004); see also Wright, 392 F.3d at 1273.

We conclude that there was ample evidence from which a rational trier of fact could have found Cochran guilty beyond a reasonable doubt. The arresting officer testified that, as he emerged from his cruiser, he saw Cochran drop a shiny, silver, palm-sized object to the ground. He further testified that he recovered a loaded .25 automatic handgun from the location where Cochran had been standing and that the gun was not rusted or corroded in a way that would indicate it had been there for a while. Although there was another man at the scene, the officer testified that the man had been standing in the middle of the road apart from Cochran, who had been standing in a grassy area between the road and the sidewalk.

The government also presented a latent print examiner who testified that there was "not enough detail" on the recovered weapon or ammunition "for any sort of identification or comparison" but also that people do not automatically leave fingerprints when they touch something. He noted that certain factors can prevent fingerprints from transferring to an object, such as whether that object had been "dropped on the ground" or had come "in contact with dirt or debris."

3

Finally, the government offered a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who testified that the gun involved in this case had traveled in interstate commerce because it had been manufactured in Illinois, sold in Georgia, and eventually recovered in Florida. In addition to the government's evidence, cross examination of Cochran revealed that he was a seven-time felon who was admittedly under the influence of marijuana the day he was arrested.

The jury was entitled to reject Cochran's testimony that it was the other man present at the scene—and not Cochran—who possessed the weapon in favor of the opposing testimony presented by the government. See Williams, 390 F.3d at 1323. Viewing the evidence in the light most favorable to the government, the district court did not err in denying Cochran's motion for judgment of acquittal. See Wright, 392 F.3d at 1273.

**AFFIRMED.**

4